Delaware law provides that no medical malpractice complaint may even be docketed unless it is accompanied by an expert affidavit. That requirement conflicts with more than a half-dozen federal rules of civil procedure. It conflicts with Rules 8 and 9, which set forth what a plaintiff must do to state a It conflicts with Rule 11, which bars verification in affidavit requirements unless a federal rule or statute provides otherwise. Given its unavoidable conflicts with multiple federal rules, Delaware's law cannot apply in federal court. Seeing that these conflicts are insurmountable, respondents seek refuge in Rule 11a, which says a pleading need not be verified or accompanied by an affidavit, quote, unless a rule or statute specifically states otherwise, close quote. They say statute in that proviso means state statute. But context matters, and respondents ignore it. A mountain of context confirms that the word statute in Rule 11a refers to federal laws, not state laws. The rule's text, context, history, and purpose make respondents' Rule 11a argument impossible. Rule 11 was meant to abolish, not preserve, a patchwork of state affidavit rules like Delaware's. Under respondents' reading, Rule 11 abolished nothing at all. Respondents call Delaware's rules substantive, but Delaware's law is procedural from tip to tail. It designates when a complaint can be docketed, what it must say, and when the defendant must file a responsive pleading. It doesn't define malpractice or alter any substantive standard of care. By its terms, it applies to all malpractice actions in Delaware, regardless of the state whose law governs the claim. And by its terms, it does not apply to malpractice actions brought under Delaware law in the courts of other states. This is a procedural law. The federal rules form a comprehensive scheme for the fast, fair, efficient resolution of cases in federal courts. Delaware's law cuts an ugly gash through that scheme. It has no place in federal court. I welcome the Court's questions. Was there a motion to dismiss filing this case? There was not. There was a motion to show cause in this case, at least on the affidavit of merit issue. Is that the way, is that normal under federal rules of civil procedure? It is not. It is not the traditional way in which a case's complaints sufficiency is tested or a case's legal sufficiency is tested. But it is authorized by the Delaware law. So the motion was made pursuant to Delaware's law, which permits a party to seek in-camera review to ask the court to look at the affidavit of merit and determine whether it is sufficient. So that was the motion that was made by all defendants and that the court then looked at the affidavit and determined it was insufficient because it did not actually include an affidavit. So wouldn't it be, wouldn't this have been disposed of in a different manner had this not been Delaware or a state that had a similar requirement? Yeah, this case would have proceeded instead to continue to expert discovery where Mr. Burke would have been required to then have his expert testimony disclosed and go through the process of discovery. Why couldn't they have just made either a motion to dismiss and asked for it to be converted into a motion for summary judgment if an affidavit wasn't provided? They have. Yes, Your Honor. My point is that this is a totally different procedure, correct, than what the federal rules set forth. It is a totally different procedure. It is a procedure created by the statute to facilitate the procedure created by the statute. Can I talk to you about, I know you have a bunch of different rules that you say this violates, 3, 8, 9, 11, I don't know, 12. But the essence of all those rules is that the federal rules require a concise and precise statement of your claim. Yes, Your Honor. And that it has to be legally sufficient, correct? Yes, Your Honor. The affidavit rule instead is talking not about legal sufficiency, it's talking about factual sufficiency, correct? So that is Respondent's position and I'm happy to embrace it because I think they're right, it's factual sufficiency, but that's not the purpose of the federal rules, is it? No, not at this stage of the litigation. Not at the pleading stage. Yes, Your Honor. All right. Now, having said that, I think you were right in saying that for us or for us or for the court to incorporate 6853, it would be a selective incorporation by us, right? The federal rules require that an answer be served in 20 days. The Delaware rule says the answer doesn't have to be served until the complaint, until the affidavit's filed. So it's changing all the federal procedural rules as well, isn't it? Yes, Your Honor. And that's also why we can't incorporate it, correct? Yes. I think Delaware designed this statute for Delaware courts as a comprehensive scheme where each of the pieces fit together so that Delaware courts can apply this procedural requirement. But you could only, and I think Respondents agree, only bring some of these requirements into federal court. It just would not be possible to bring everything from the Delaware law into federal court. As you read the Delaware law, do you think it is even purporting to say what must be done in federal court? We do not. We think it actually says that Delaware courts are to apply this rule. And let me ask you this. If you had to concisely say, you know, as Justice Sotomayor said, you identify a number of different rules that you think preclude application of this Delaware rule in federal court. Let's put aside the Rule 11. Let's say I'm not persuaded by that. Concisely say to me, if we were going to write this opinion and we were going to say that under Hannah v. Plumer, there's a direct conflict here and so the federal rule has to apply, concisely say what you think the best rules to point to were. What would the reasoning be? So Rules 8 and 9 set forth what a plaintiff must do to state a claim in federal court. And Delaware's law adds an additional evidentiary requirement that you have to. But 8 says just pleadings and an affidavit's not a pleading. So tell me why Rule 8 precludes this. So Rule 8 precludes this because Rule 8 implicitly forecloses the application, the requirement that you come to court with a bunch of evidence. Just as it would preclude coming to court with new particularity requirements or other requirements that you would have to put into the complaint. How would your position or what would your position be in, say, states that have these mediation or arbitration or board of review requirements to file med mal claims before they come to court? Those pose difficult questions for conflicts analysis under the federal rules. Each of them is different. They have very different requirements. Some of them are non-binding. Some of them create evidence that is then used on the merits later in the case. But because it's serious evidence against the plaintiff, it deters the suit. So it's not clear that all of them would pass, but I think many of them would pass. But you think that deciding your case does not require us to say anything so broad as to say that states can't apply any kinds of procedures that try to address the problem that the Delaware law is trying to address? Absolutely. Not only that, I think that this really leaves open an incredible array of ways that states can address the problem of medical malpractice suits. Can you give some examples? Because the amicus briefs really focus on that problem. So if you could speak specifically to examples. So the most basic one that's always been known is attorney fee shifting. So if you bring a frivolous case, you're going to pay, or just a bad case even, you're going to pay your opponent's costs and their attorneys. That would be a powerful weapon against malpractice plaintiffs that are seeking strike suits. Obviously, states have enacted shorter statutes of limitations for these types of claims to make sure that if you suffer malpractice, you come to court quickly to assert it. They put caps on damages. They increased the burden that a plaintiff must carry to actually win one of these cases. So for instance, you actually must prove your case in most cases through expert testimony. So at some point, a doctor is going to have to come in and actually say there was medical malpractice. You can't just come into court and say, I was really hurt. Jury, give me money because this doctor is, you know, a wealthy doctor. Well, is your argument reduced to the proposition that there is no such thing as a cause of action for medical malpractice in Delaware? What there is is a cause of action for medical malpractice that is confirmed by an independent affidavit of another practitioner. So I don't think that that's what Delaware has. I think that the clearest evidence is that this statute doesn't just apply to Delaware causes of action. So if you came into Delaware court and you were bringing a medical malpractice suit under Florida law, it would have to still apply. And I'll tell you why. The prothonotary is not to docket the complaint in Delaware court unless it has an affidavit of merit, but the prothonotary is not an expert in choice of law analysis and so is going to just have to look at the face of the complaint to determine whether or not it's a medical malpractice claim that requires the affidavit. So we think there actually is a separate cause of action for medical malpractice and on top of it is a procedure that is designed to weed out certain suits by just putting in a procedural roadblock for the bringing of medical malpractice. So what if the claim under Delaware law had to be, what if Delaware law made it clear that a party cannot recover for medical malpractice unless the party submits an affidavit of the type that's involved here? It's a limitation on malpractice under Delaware law. That would be permissible, would it not? It would not under our theory of the case be permissible because it would be an artificial distinction as the Court discussed in Shady Grove. It would be the same way in which the New York law in Shady Grove could have been written as an individual limitation on collective actions in each of the different penalty statutes and the Court said whether you slice it and dice it like that or apply it as a categorical rule, it still works the same way. So in function, it is the same impermissible procedural requirement. And, you know, we think that there are just so many ways that the statute cannot apply in federal court. Can I just ask you about one of them? Because getting back to Justice Barrett's question, I thought your sort of clearest, most narrow, direct conflict was with Rule 3. And I know that you mention it, but you really rely on 8 and 9 in ways that I don't know are necessary. I thought the theory was that we have this Delaware law saying what is necessary to file or initiate a malpractice lawsuit as a matter of procedure. You have to have this separate AOM. Notably, it's not evidence. It is just what is a necessary step to initiate this lawsuit. And under federal law, no such thing is required. The federal law says that the action commences by filing a complaint with the court. So why isn't that just clear, narrow, direct? It doesn't rely on any thoughts about factual versus legal. In fact, this is a factual distinction that could support a conflict, could it not? Yes, Your Honor. I mean, we do assert that if there's a conflict with Rule 3, part of the reason is that the lower courts on our side of the circuit conflict have really looked to Rules 8 and 9 and seen that as the fundamental sort of site of the conflict with the Federal Rules of Civil Procedure. It seems more complicated to me because it does require, it's sort of piggybacking on what Justice Sotomayor was saying, looking at what is legally sufficient in 8 and 9. And Justice Barrett points out that there's a, this is an affidavit, it's not a pleading. There are distinctions there that I think would allow for a credible argument that there is no conflict because we're talking about later stages and it's evidentiary and all of these things. Whereas this initial point, like what do you need for the clerk to accept your document and start this case, is different in these two different realms. Yes, Your Honor. And we obviously agree wholeheartedly with that theory of the case and it really is as simple as that syllogism. Well, if that were right, if you're just relying on Rule 3, Delaware goes and changes its statute and says you have to file it 20 days later, right, then you don't have Rule 3 anymore. That's, that is true. That is the, the narrowness of it is that you would only be addressing Delaware. Yeah, I mean the fundamental thing, isn't it, is the entire thrust of the federal rules, most particularly in Rule 8 and 9, which is it was meant to establish a notice pleading system where all you had to do was to say, here I am, here's my claim, I'm going to be seeking damages the end, and everything else was supposed to happen later in the normal course of things. And then a defendant had a bunch of different opportunities starting with Rule 12 and then continuing on with Rule 56, summary judgment, or using summary judgment even pre-discovery in various circumstances to get rid of the suit. And that's basically the structure of the federal rules. Yes. And I, you know, I think that that is, puts, puts the finger right on why we put so much weight on 8 and 9. I mean, these, this statute, like the similar statutes, is fundamentally at odds with that notice pleading structure that the federal rules rely on. And it creates lots of problems in federal court to try to import these sorts of things because all the other federal rules are built on the foundation of notice pleading. And the idea that the suit starts with the submission simply of this paper that says your claim for relief, your statement of jurisdiction, and your demand. Mr. Tutt, I, I, what you say is compelling in a lot of ways, but your friend on the other side is going to say Gasparini. And that there the court did this crack and extract thing and took what they could of it and ditched what they didn't, couldn't. What do we do about Gasparini from your point of view? Well, so the court determined in Gasparini, the court majority determined that there was no direct conflict with Rule 59. That Rule 59 provided a mechanism for the enforcement of the substantive New York standard for reviewing excessive jury verdicts. Right. How would you have us distinguish it is my question. So we, we are a direct conflict case. So we are a Shady Grove case where because a federal rule unavoidably conflicts, you don't get to the murky waters of Erie, which was. So you think Shady Grove properly understood, and I think you're embracing even Justice Scalia's opinion that's not for the full court, says once we're in federal rules of land, federal rules of civil procedure land, we're not going to play with Hannah. We're not going to play with Gasparini. Is that, is that a fair summary of your position? Yes, that is, that is exactly it. And certainly there are some judges, Judge Ferguson and others who would have us adopt such a rule. I appreciate that. For simplicity's sake, for district courts, can I just turn real quick to your Rule 11 response? Because your friend on the other side makes a big deal out of it. And you say, well, it's distinguishable because it only speaks to federal statutes. And he's going to get up here. I know, I know he's going to say, well, look at the original federal rules of civil procedure. They expressly distinguish between federal statutes and statute simpliciter. And therefore, when we see statute simpliciter, as we do in Rule 11a, we should encompass states. You get, you know the argument. OK. And assuming, assuming there's some force to that, do you have some other argument? For example, could one say that 11a has to do with pleadings and verifying the pleading? Either the attorney or the plaintiff, defendant, whatever, has to verify the pleading. And an AOM ain't any of those things. Absolutely, Your Honor. We could have developed this argument more in our reply brief if we had more words. I wonder, yeah. But there is a contemplation that, you know, an affidavit and a verification have an understood meaning in federal court. With respect to pleadings, which that word is in the rule. Yes, Your Honor. And is an AOM a pleading? Yes, and an AOM, you know, and it's not by one of the parties. I mean, it's a third party document. We take, we concede it is not literally a pleading. Although we think functionally, actually they're trying to smuggle in the idea that you have to have a doctor come in and essentially vouch for you in your complaint. But I agree with you that it's not what we expect to see when we talk about verification of a complaint, or we talk about an affidavit in support of a complaint, which is designed to support the allegations therein by the actual pleader. This is, I have to go get an expert witness who has to be a specially qualified person, a very precise person. He's not pleading for you, he's an expert witness. Right, who is, who is, who. Thank you. Yes, Your Honor. Can I just go back for a second to Justice Kagan's point about notice pleading? Because as I understood it, this affidavit of merit is not discoverable, it's not evidentiary, it can't be admitted, it's sort of a black box thing. So why isn't that consistent, still, with a notice pleading kind of scenario? I think this goes to something we call Schrodinger's Law about the Delaware law. If it doesn't do anything evidentiary, because it's totally secret, totally sealed, can't be used in the case, then it's got to be a pleading requirement. Because what else is it supposed to be doing? It doesn't do anything. So then where does the conflict come? I don't understand. I mean, it could be an additional thing, it doesn't have to be a conflict. If it is a, it seems to me that we only have a conflict from the standpoint of worrying about this extra thing that you have to require. Being in conflict with a notice pleading dynamic, if the thing that is extra, this AOM, is requiring you to do something evidentiary in the course of the case, that it really is making a difference. It doesn't seem to me that from the Delaware law that this is even really evaluated by anybody. You just have to have it, and the court has to see that it exists, and then that's what is required to initiate your lawsuit. So how is, maybe I'm not understanding, but how is that inconsistent with a notice pleading kind of dynamic? The fundamental inconsistency is that you don't have to prove your case to file, have your case already proven to come into federal court and plead your case. You know, it's- So you're equating this AOM with proof that you have a case? It's adding an extra piece of proof that you need to develop before you even get the aid of discovery, right? So you don't get the chance to depose anybody about what actually happened. So you have to develop this expert testimony based on whatever facts are available to you, which may be a very limited understanding of what actually happened. But I want to go to this idea of adding something extra. If you, we don't think you could make someone attach a contract to a complaint, or attach an insurance policy to a complaint to plead a case in federal court. That would just be adding something extra under state law, but it would be fundamentally inconsistent with rules eight and nine, which don't say you have to do something like that. Wouldn't it also be inconsistent with rule 12D, which says that if you're going to be judging a motion to dismiss, it has to be on the pleadings alone. So you would be closing your eyes to these other things, so that if you disobey the Delaware requirement of attaching an AOM, that really has no effect on the court's assessment of any kind of rule 12 motion? That is our fundamental submission about rule 12 and why we think there is a rule 12 conflict here. But it seems to me that that kind of dovetails with rules eight and nine in showing you what the universe is. Yes, exactly. And showing the interconnected nature of these rules and how if you could just add, if a state could make you add something to a complaint, it would have all of these domino effects on what would be the motion by which you would then test the sufficiency of that. Delaware had to create a special provision for testing the motion, because you're not allowed to see the affidavit, so you have to make a motion for in-camera review, because you don't even know if it's insufficient. Why Delaware has that sealing requirement, I mean, it seems to me it could be a couple of things. One, you want to protect the doctor who's coming in on the plaintiff's side from retribution. And encourage him to come forward. Alternatively, you might be trying to protect the defendant, doctor, from allegations before and until somebody says that he's acted, someone in his profession has said he's acted problematically. Do you know the reasons why? I don't know the reason, and there's even another possible policy reason, which is quite often in medical malpractice cases, the person who submitted the affidavit of merit went on a partial record, and so when you go to get an expert witness, you actually have to change horses, because you don't want to have that doctor testify to the prior inconsistent statements, if there are any. So there are numerous reasons that they might have tried to keep it. I just wonder, because if we're going to play the crack and extract game, in federal court, where everything's got to be public, and do we defeat some of those policy concerns, whatever they may be? Well, and I don't know how it could be kept secret in federal court. Thank you. Thank you, Counsel. Justice Thomas? Justice Alito? I don't know that we've ever invoked Schrodinger's cat in our analysis of statutes or rules, but what are you saying? Is the affidavit of merit a pleading for purposes that we've got Rule 8 and Rule 11? Is it a pleading for one and not a pleading for the other? So the way that the statute is described in various places is either as it doesn't have any impact on the case. It's not evidence that's used at the trial. In fact, it has to stay secret. The defendants never get to see it, so they can't even use it tactically in the case. In which case, how is it evidence? It's just a procedural barrier. You have to just give the papers to the judge, and that's it, and then it's out of the case. And if that's true, then we do think that that makes it basically functionally a pleading. It's basically give us some secret allegation. Under both rules, it's a pleading. Say it again. Under both Rule 8 and Rule 11, it's a pleading. We would say it's a pleading rule. So Rules 8 and 9 set forth the pleading rules in federal court, and it functionally acts like a pleading by creating more allegations. Imagine it wasn't the doctor who had to submit the AOM. Imagine you had to submit extra, you know, particularity evidence to plead a case. All they've done is make the particularity requirement, they've assigned it to some other person who has to come in and substantiate your case. So in that way... On the facts of this case, so your client hurt his foot, he was treated by a doctor in Delaware, presumably he got a report, what the doctor did, goes home to Florida, maybe he sees another doctor. What exactly, what discovery do you need? Well, I think the most telling discovery could simply be asking the individuals at the facility where... So he alleges that when they were fitting him with medical equipment, they actually caused the injury. Individuals at the doctor's office caused the injury. Deposing them or deposing people who work with them could be helpful, looking for contemporaneous communications. All these things are permitted and, in fact, they're the purpose of Rule 26. And so if you have, you know, people sending messages to each other that say, like, we really need to change the policy where we just put this on people's feet, you know, because it's probably malpractice. You know, that would then inform another medical professional's ability to render an expert... Could the district court grant summary judgment before allowing all that discovery? Yes. I mean, under the federal rules of civil procedure, you know, you would have to put in your 56D and say, this is what I need and this is why I need it. And the judge has a great deal of discretion in determining whether to... Justice Sotomayor? I just want to ask about the word conflict because that's a word that means different things to different people, just to make sure I'm clear about this. You're not suggesting, in fact, you're arguing impossibility is not the standard here. So even if it's possible to comply with the federal rule and the state statute, there still is a conflict because under Shady Grove it says, does it answer the same question, correct? Yes. Yes, Your Honor. And I have been using a shorthand, but the test is answers the same question. So it dresses itself to the same question. And it's important, I think, to focus on that because the word conflict, like I said, can mean different things. Thank you. Yes. Justice Beirich? Mr. Todd, I want to give you a minute to address the Rules Enabling Act question. So let's say that we agree with you. Let's just assume that we agree with you and we think the federal rules answer this question and control. What do you think about the Shady Grove versus CIVIC or Shady Grove and CIVIC question about what is the test for the validity of the rule? So we wholeheartedly embrace CIVIC's test. We think it is the preexisting law. And so it's whether it regulates the manner and means of enforcing rights. That's what makes it procedural under the Rules Enabling Act. So Justice Stevens in Shady Grove used a different test, said that CIVIC didn't set that forth. Even if you used Justice Stevens' test, this would pass under Justice Stevens' so bound up with rights that it functions as a substantive rule of state law. Do you understand Justice Stevens' test to be consistent with CIVIC or retreat from CIVIC or what? We don't consider it consistent with CIVIC. Justice Stevens took a different perspective on that. But, you know, the text couldn't be clearer of CIVIC. It's block quoted in Shady Grove for that reason. Like, look, it really says this. And it says as long as it's really addressed to procedure, it's valid under the Rules Enabling Act. Thank you. Justice Jackson? Do we need to resolve any conflict between CIVIC and Justice Stevens' test in order to rule in your favor? Only in the sense that you have to go on a longer journey to use Justice Stevens' analysis unless you say even using Justice Stevens' analysis, we would reach the same result here because he says it's a very high bar. It has to be you have to have no doubt that it's bound up with state procedure. Thank you. Thank you, Counsel. Thank you, Your Honor. Mr. Yarger? Thank you, Mr. Chief Justice, and may it please the Court. Rather than identify one Federal rule that applied here, in fact collided with the Delaware statute, Petitioner identifies separate, seven separate rules and manufactures conflicts with all of them. All of those conflicts are entirely hypothetical. The trial court did not hold and Respondents did not argue below that this case could not be commenced under Rule 3. Respondents never challenged the pleadings under Rule 12 or otherwise. Respondents didn't argue the affidavit had to be filed with the complaint under Rule 11 or disclosed in discovery under Rule 26. What this Court held in Hanna is that trial courts in the Federal system must enforce state laws using Federal modes of enforcement. Even though the Federal rules are not identical to state court procedures. Here, the trial court held and Respondents argued only that the Delaware Affidavit of Merit Requirement had to be satisfied to maintain a cause of action for medical negligence under Delaware law and because Petitioner couldn't obtain that affidavit, this case had to be dismissed. The only question in dispute under Hanna is whether the Affidavit of Merit Requirement can be enforced in Federal court at all. It can. It can be enforced through dismissal under Rule 41, as courts have held, or it can be enforced through early summary judgment, as both the Seventh Circuit and Third Circuit have held. Petitioner takes the extreme position that a Federal court must ignore the entirety of a state statute if any part of it might conflict with a Federal rule in some case. This Court has rejected that approach, which is why Petitioner, in the briefing, effectively concedes that to prevail, he has to convince the Court to overrule at least three of its decisions, Cohen, Woods, and Gasparini. That intrusion on the jurisprudence of Hanna is both unnecessary and would interfere with Federalism. I welcome the Court's questions. You raised, though, the Affidavit of Merit argument in your answer and not in a motion to dismiss. Could you have raised it under another Federal rule of civil procedure? In fact, we simply answered the complaint, Justice Thomas. We didn't claim that the pleadings could not be closed. What we did do is we filed a motion for in-camera review with the trial court, and then the case proceeded, the pleadings were closed, and the case, in fact, entered discovery. There are at least two ways you can raise an Affidavit of Merit requirement consistent with the Federal rules. As I said, Rule 41b, which allows for involuntary dismissals, if a plaintiff cannot comply with a court order. However, here the court did order Petitioner to comply with the Affidavit of Merit requirement. Or you can raise it through summary judgment. So either of those approaches are perfectly consistent with the Federal rules and don't create any conflicts. So, Mr. Yarger, suppose a State said, you know, this notice pleading stuff, we're really a little bit tired of it, and we want to go back to code pleading. And so we're going to enact a requirement, and it says, it's going to say for some category of suits, or for all suits, who knows, you have to do code pleading. We're not going to insist you do it in a complaint. You can just do it in a separate document, call it an Affidavit of Merit, call it a non-pleading if you want to, but it's got to be filed very early in the lawsuit. Would that be all right? If it's an Affidavit that's separate from the pleadings, it can be enforced. That's what we're calling it. We're calling it an Affidavit of Merit. Of course. My position is you can enforce that. I think the question is. So you can enforce that. I mean, that is like exactly what Rule 8 and, indeed, the entire structure of the Federal rules was designed to prevent. If there was one thing that the Federal rules did, it was to say notice pleading uniformly throughout the nation in Federal courts. And this is not a rule of pleading, which is our point. The pleadings itself. But the hypothetical I'm giving you is all we do is call it something different, and we're back to a code pleading system. Well, understood. And if that's the case, Your Honor, Erie, of course, is going to kick in. And that's the second step in the analysis. I don't know how we get. Why do we have to get to Erie? I mean, it's just got to be the case under Hanna, et cetera, that you look at Rule 8, you look at Rule 9, you look at Rule 12, and the whole package of it says no code pleading in Federal courts. Well, and if it, in fact, conflicts with Rules 8, 9, and 12, which the affidavit requirement here does not. Well, I guess the question is why it does not. Okay. I'll give you some more examples. Suppose there was a State that said too many darn contract suits. So we're going to make people come up with affidavits from an economist denoting all the different damages that apply. And we're going to do this also. You've got to do it within the first 10 days. I think the key question in all of those cases, Your Honor, is how do the parties bring those issues to the trial court and present them through the rules of civil procedure? There are mechanisms. Well, I guess what I'm suggesting is that you don't do that through the rules of civil procedure, because the rules of civil procedure, although they don't say you cannot apply additional requirements like that, the rules mean, in the same way that they meant in Hannah, in the same way that they meant in Shady Grove, that no, if you try to impose requirements that make medical malpractice claims, contract claims, trade secret claims, you know, on and on and on, if you make them subject to special requirements whereby the plaintiff has to come forward with some sort of proof that their claim is good before anything starts, that that's inconsistent with the entire structure of the Federal rules. Sure. So a couple of responses. One, the affidavit here is a separate requirement apart from the proof and the evidence in the case. I mean, we're going to make, we're going to label all of these affidavits. Understood. You have to file your trade secret. You have to file your economist's report. You have to file an affidavit if you're in a car accident from one of those accidentologists saying that the thing was your fault. I think they're called reconstruction experts. It was the defendant's fault. Sure. I mean, every kind of suit has something that you have to prove, and we're going to make you file something before the suit gets started about why it is that you're going to be able to show in the end that you meet the elements of the suit. And I bring up the fact that this is outside the evidence and outside the pleadings because it's much more like the bond requirement at issue in Cohen, which was a requirement that the State of New Jersey had placed on certain types of suits, derivative suits, and it could be raised at any time during the course of the proceedings. And if it was not satisfied, the case had to be dismissed. And Petitioner, that's why Petitioner wants the Court to overrule Cohen, because it's a significant barrier that he has to affirming application of Delaware's affidavit of merit requirement in Federal court. It's not part of the pleadings. It doesn't constrain the evidence. In the case, the Delaware Supreme Court has said that very clearly. It's a separate requirement necessary to demonstrate that a plaintiff has done the appropriate consultation with a medical expert to say just what the statute says, which is that there's reasonable grounds to proceed. Our only point, and I think the only question under HANA, and this is very important, is that if those requirements can be enforced in Federal court using the Federal rules without any conflict, there's no occasion for a Federal court to disregard the requirement in all cases for all time forever in Federal court, which really is Petitioner's position. In HANA, the conflict, Justice Kavanaugh, was unavoidable. That's what the conflict has to be. There, there was no way for the Court not to adjudicate the conflict because the trial court had dismissed the case due to the method of service the plaintiff had decided to use. It was either apply the State rule of service or the Federal rule. There was no choice between the two. Here, at no point did any party or the trial court attempt ever to do anything that created any kind of conflict with the Federal rules, which is our point. And if Cohen can allow States to regulate causes of action for shareholder derivative suits, which are wholly within the State power to regulate, Delaware ought to be able, like most States, regulate medical negligence claims, which the parties agree are entirely within the power of State legislatures to regulate. What about the conflict with respect to the timing of responding to the complaint? Well, it's my, it's the same answer. There is no conflict. There was no conflict. But, but I'm saying under Rule 12. Sure. You have a certain amount of time and it runs from when the complaint is filed. Under Delaware law, you have a certain amount of time but it runs from when the AOM is filed and those don't have to be the same thing because you could have gotten an extension for the AOM.  And our point, again, there was no conflict here because we actually answered the complaint, the pleadings were closed. Had we wished to enforce that requirement, we could have filed a motion under Rule 6b for an extension of time. Looking only at the rules. Looking at the rules. The Federal rules. Yes. Both rules. I mean, don't we have a conflict just on the basic question of when is your answer due? I don't think you do because it's Rule 12 unless you move for more time. And in that way, the conflict would never arise in Federal court unless you brought it to the court's attention and said I don't want to answer this complaint. I want to pause everything in time for plaintiff to obtain an affidavit of merit. You're rewriting the Delaware law. The Delaware law doesn't require you getting permission for an extension. It says you don't file an answer until the affidavit's served. Period. So you're now rewriting the Delaware rule to fit it into the Federal rule. Well, I wouldn't say we're rewriting it. Everybody agrees. You're rewriting it so that it's convenient. Everyone agrees that an affidavit of merit has to be obtained. The Delaware courts have freely granted extensions to obtain those affidavits. They've even said that an extension be granted after the fact. But now you're telling Federal courts they must. Well, what I'm saying is that unless and until a Federal litigant comes into court using Federal modes of enforcement, which is what Hannah said, and raises the issue for the court's decision, and there is a conflict, there's no occasion to use Hannah. Thank you, counsel. Well, Mr. Yerge, let me just pick up on that with you for a second. So as I understand the Delaware statute, you must file this under seal. Nobody looks at it except for the judge. And, in fact, it's supposed to be filed with the state clerk, and they call him something else there, but there you are. And the case cannot proceed. Whereas I think you're acknowledging in Federal court that wouldn't apply because once a complaint is filed, the case is off and running, and that's a public document, and you have to answer or move within a certain number of days, right? The affidavit is a public document? No, the complaint in Federal court is a public document, and that's all that's required to get the case up and running, and a defendant has to respond, right? So there's a delta there, and you are cracking and extracting, as your friend on the other side likes to say, some things from the Delaware rule that you would apply in Federal court and other things that you wouldn't. Isn't that fair? Well, and I think that is true of many state statutes and substantive rules laid out in State court decisions. It's never been true of Erie that in order to apply State law in Federal court, you have to take every single sentence written by a State Supreme Court and apply that in Federal court. Well, how do we know what the Delaware State legislature would do? I mean, we're creating this Frankenstein of a statute, right? We're taking bits and pieces and adapting it. And I understand your point, but what authority does a Federal court have to rewrite Delaware law in that fashion? And, you know, I mean, maybe the affidavit has to be public and discoverable in Federal court, and that seems wholly antithetical to the statute. Whatever the purposes were for making it private, there are obviously good and important reasons for keeping it private. And for it to precede the suit and not to allow the suit to get off the ground, those were all important policy judgments we would just be running, paving right over in Federal court. What do we do about that? Sure. So let me answer the confidentiality issue first and then the broader question. The confidentiality issue is easy. It's a State law privilege that Federal courts have to enforce through Rule 501 of the Rules of Evidence. Sealing is just the mechanism by which you assure the privilege. Would it be discoverable by the other side, though, even if it's sealed? No, it's not discoverable. It's not discoverable in Federal court. No, it's not discoverable. Why? Because it's privileged. And privilege is a tremendous thing. Is it privileged? Yes, it's privileged. Under State law? It's tremendously important in medical negligence cases. Doctors face lawsuits all the time. We know that it is privileged. I understand it's supposed to be filed under seal. Is that a recognized privilege under State law? Under subsection D of the statute, it is not discoverable. That is privilege. I understand. Okay. All right. Put that one aside. Take the broader question that we are picking and choosing, and by what authority do Federal courts have? And I'll be interested to see what Mr. Tutt has to say about the discoverability point. Sure. One easy place to look is the Delaware Supreme Court. And there is no dispute that if a plaintiff can't obtain an affidavit, even after the 60 days after the fact, a case has to be dismissed. We've cited some cases in the briefing from the Delaware Supreme Court that apply the statute fairly flexibly, giving plaintiffs more time even after the time has expired. But the one thing they do say is that if you want to maintain the cause of action under State law, you have to obtain the affidavit. And this really was part of the reasoning of the Seventh Circuit, and the Third Circuit has held the same thing. The requirement to obtain the affidavit and the ability to enforce that requirement while the suit is pending and certainly before trial are the two key aspects. Both of those aspects can be enforced using existing Federal rules without conflicting with any of them. And that's our only point, and that's what the trial court did here. There was no conflict. Can you just help me to understand why, and this is kind of particular. You say the case has to be dismissed if the affidavit isn't filed. But when I look at the actual language of the statute, it says the clerk of the court shall refuse to file the complaint, and it should not be docketed with the court. That is actually technically a different dynamic than having accepted it and it being dismissed. And so what I don't understand is why we don't just have a plain conflict with Rule 3, which is the rule that tells us in Federal court when a case is commenced, when you file it, when it's docketed. This says you can't, the clerk has to refuse to docket the case, not that the judge has to dismiss it. And I think that's a relevant distinction. Am I wrong about that? I don't think it's irrelevant, but first let me say the statute also doesn't tell you what to do if more time is given and the plaintiff never actually produces the affidavit. Case law does. It's very clear under Delaware law that the case has to be dismissed. Second, to the extent there is a conflict with Rule 3, I think Walker, this Court's decision in the Walker case, which is about commencing a case under Rule 3 and whether commencing a case under Rule 3 conflicted with a State requirement that said you have to commence a case for purposes of a State law cause of action through service. And what the Court said is Rule 3 is the mechanism by which you start the Federal case for Federal deadlines. But it doesn't do away with other State law requirements that have to be satisfied in order for a particular plaintiff to maintain a cause of action. So there's no conflict here. Under the terms of the statute you can get more time, so clearly you can commence a case without filing the affidavit. But that's not what it says. And if you look at the statute, I'm looking now, it says that the Court may, upon timely motion, grant a 60-day extension for the time of filing the affidavit. But we know that if the affidavit isn't filed, the complaint isn't docketed with the Court. Well, it doesn't say quite that. It says you can seek the motion. Clearly it has to be on the docket for the Court to grant the motion. And you're given more time while that motion is pending with the Court. So even the plain terms of it don't actually prevent docketing of the case absent filing of the affidavit. But I do agree with you, Justice Jackson. You know, Rule 3 governs commencement in the federal system. And then the question is, what do you do with this requirement? Petitioner's position is it can never be enforced ever in any federal case for all time. Our position is if it can be enforced using the federal modes of enforcement without conflict, then you need to give it effect. Suppose Delaware required not one affidavit of merit but four affidavit of merits, each from a different doctor. So you had to find four doctors. And suppose that Delaware, instead of demanding that each of these doctors said that there were reasonable grounds for a mal-suit, said that each of these doctors had to say that, in fact, there was a violation of the standard of care. So you had to find four doctors all saying, testifying that there was a violation of the standard of care before your lawsuit really began. Fine? Well, got to be fine under your theory. I'm going to say fine because states almost universally across the country require, as a condition of proving a medical negligence case, typically experts demonstrating breach of the standard of care and causation. That's typically two experts, sometimes more than that. Eventually, at a certain point in the process.  But Delaware is saying right now, when you start the suit, you have to have in your back pocket four doctors who say there was a violation of the standard of care. Under your theory, Delaware could do that. And New York could do something similar with respect to a different kind of law school suit. All of these requirements effectively forcing a person to prove her case before the case really gets started. That's, like, if there's anything you know is a violation of the whole idea of the federal rules, that's it. Well, again, I think you have to do the Erie analysis. And that was the same concern. You don't have to do the Erie analysis because the federal rules are there. They're there to tell you that that conflicts with it. You never get to the Erie analysis. So, understood, Justice Kagan. That was sort of the theme of cases like Woods and Cohen. It was this argument, we can't be having states impose these conditions. Are you really saying that Wood and Cohen are like the hypotheticals that I just gave you, which forces a person to prove its case in the first week? Well, the Delaware requirement doesn't require a plaintiff to prove its case in the first week. It just has to show consultation with an expert that demonstrates reasonable grounds, not plausibility under Rule 8. Yes, but I just said there's no way under your theory that the reasonable grounds is any different from a likelihood of success, is any different from, yes, there was a violation of the standard of care. Oh, I don't think it's, I don't think it's nearly that onerous. And the Delaware Supreme Court has made very clear that it's not that onerous. Literally, the affidavit needs only say exactly what the statutory text or the functional equivalent says. And that was the Dishman case from Delaware Supreme Court in 2011. So it's a prophylactic measure. I do think it's similar to a bond requirement. Do this thing. Satisfy this requirement. If you can't do that, you can't maintain the cause of action. And that's all Delaware is doing. And other states have done it to good effect through their medical malpractice reform laws. And as the American Hospital Association brief explains, they have been very, very important in limiting frivolous medical negligence cases just like this one, which was filed by a pro se plaintiff who couldn't obtain that sort of basic prophylactic measure. So if Cohen can condition a shareholder derivative suit on obtaining a bond, it's really hard to understand why Delaware can't regulate claims for medical malpractice by requiring an affidavit. And if petitioners or if defendants can bring those issues to the court using the federal rules without conflict, Hannah says you have to enforce those requirements. Because the modes of enforcing them don't have to be the same, but the law has to be applied the same across the two judicial systems. You've used the word conflict quite a bit. How are you defining that? I define it the way that Hannah defines it. How about Shady Grove? Even Shady Grove. That's actually a great case. Answers the same question. Yeah, that's different than. It answers the same question, but the court made clear the two could not coexist at all. The trial court in Shady Grove. Well, just because they were different. Not just because they were different, Your Honor. Remember, in Shady Grove, the case was dismissed at the outset on a jurisdictional ground because the court said I can't use the class action device at all to package claims together and meet the amount and controversy requirement. So it was a ruling that said I can't even look at Rule 23. That was a conflict. There was no way at all to apply Rule 23 the way that the trial court had applied it there. That was an unavoidable collision, answering the question in dispute in a way that required displacing state law in Shady Grove. So we're using the term conflict or collision in the same way as the court was using it there. And you don't think, or do you, that conflict encompasses when there are just additional requirements? I don't, because Walker tells us that's exactly how you don't read conflict. It said — Well, but Shady Grove says additional requirements. I mean, that's in Shady Grove on 401. You're right. I mean, obviously, Shady Grove struggled with Walker. It's one of those classic footnotes. So I take your point on Walker. But in the text of Shady Grove, it was talking about additional requirements, at least as I read it. Well, the way I understand — And that, in turn, would answer the same question, which was the test Shady Grove set, which was a little more refined than the prior test, at least as I've read it all. I think Shady Grove didn't do away with the requirement that the conflict has to be real and actually presented in order for Federal courts to just do away with State statutes in their entirety in Federal court. I think that much was true of the New York statute in Shady Grove. And it's been true in other cases, too. SEMTEC, which interpreted Rule 41, it said, well, we could apply this to preclude the State law of claim preclusion, or we could apply it to incorporate the State law of claim preclusion. There, it wasn't an on-off switch, and it wasn't we can apply one or the other. The Court said, no, no, we apply Rule 41, but we do so in a way that preserves the substantive State law of claim preclusion. So that's the difference between sort of the SEMTEC example and the Shady Grove example, where there's just no way to reconcile the two. Can you take a moment and touch on the Rule 11 argument and the concern that Rule 11 is completely an opposite, and therefore both of you have it wrong when you point to that. The essential argument is that Rule 11 is clearly about the verification of pleadings.  That it's talking about the signature that might be necessary, and that to the extent it's referencing an affidavit, it's in that context. It's not talking about these kinds of affidavits or affidavits in general. Well, I agree with you. I don't think you need to read 11A to apply to the affidavit of merit requirement or not. That was my point. The pleadings in this case closed. We never said, oh, geez, you have to dismiss the complaint and I can't answer it because the affidavit wasn't filed alongside the complaint. And that was my point with Justice Kagan. The affidavit does something different than tell you what's in the complaint and whether or not it can be believed. It's a separate requirement. And the Delaware Supreme Court has made clear it doesn't even restrict the experts or what they can say in the case if you want to use the expert who provided the affidavit in your merits case. You have to disclose that expert separately and comply with the Delaware rules of civil procedure, which require similar expert disclosures as the Federal system because the systems are largely the same. Thank you. Thank you, Counsel. Justice Thomas. Anything further? Justice Alito? Justice Kagan? Justice Gorsuch? I hate to belabor it, but just your conversation with Justice Jackson, you know, Rule 11 features very prominently in your brief, but you seem to be backing away from it here. I'm not backing away from it. We said in our briefing that to the extent that the affidavit has to accompany the complaint, Rule 11A provides an easy answer. Okay. But now you're saying it doesn't have to accompany the complaint. In fact, it could happen months before or months later. Which is true. Okay. So thank you. Yes. Justice Kavanaugh? Justice Barrett? Justice Jackson, anything? Thank you, Counsel. Thank you. Rebuttal, Mr. Yarger? Thank you, Your Honor. Just a few points. I'll just start with Justice Gorsuch's point about whether this is privileged under State law. It doesn't say the word privileged. It only applies to discovery and medical negligence actions. The Federal Court would essentially have to procedurally freelance to sort of say, well, Delaware probably wants this to be privileged in order to actually make it work within the Federal procedural scheme. So this is news to me that it creates a privilege. And who even holds this privilege? The doctor? The plaintiff? It's unclear. We're not trying to overrule anything. We're the party here saying apply Shady Grove. Use the answers the same question framework and reach the result that that inevitably requires, which is that this Delaware statute answers the same question as many Federal rules of civil procedure. And to the extent that it does, it's in conflict. Cohen didn't govern pleadings. It was a case about whether or not you have to post bond. The court in the case said things like, you know, it creates a new liability that didn't exist before. That makes it, you know, manifestly substantive. It has nothing to do with the merits of your claim. It's simply a security against losing the suit. Walker is even further afield. It's a case about whether a corporation that doesn't appoint a corporate agent in the State can maintain a suit in the State. That just or I'm sorry, not Walker. That's Woods. Walker is about Rule 3 and whether for certain State statutes of limitation, the commence the action language of Rule 3 was intended to displace the State statute of limitations. That just has nothing to do with the nature of the Rule 3 conflict, for instance, in this case, which literally the Delaware statute changes when the answer is due. I mean, this is about commences the action. Justice Kagan's point that you have to prove your case before it's even started, that is the fundamental thrust of this Delaware law and laws like this. You need to come to court with evidence that was discovered outside the discovery process and you need to not only to have it, but you need to submit it and you need to do it through a certain procedure. And so even if you thought consultation with an expert, which is how Respondents have framed it, might be permissible. Say in your complaint, I consulted with an expert, but actually having them then sign an affidavit and give it to the court is a whole different thing. These affidavits are extremely hard to procure. My client's treating physician said that he had a good malpractice case, but wouldn't sign the affidavit because it's a big deal to sign these affidavits. So they're more than a barrier. Even if you have a meritorious case, they can be a barrier that keeps you out. In terms of talking about, like, what could they require? How many affidavits could they require? What kinds of affidavits could they require? We sort of have been using the 12 nuns formulation, you know, like to bring a contract action, you have to have 12 nuns, you know, swear that this really is the parole evidence that would support your contract claim. It would allow states to smuggle in whatever procedural system they want through the back door of we're going to label it an affidavit. So Shady Grove, as I read it, said, you know, the question is what claims can be maintained as a class action. So it was all about, you know, could you add requirements to Rule 23? And the court said no. So, you know, I think that this case is really quite on all fours with Shady Grove. I just want to say the Federal rules answer the same question the Delaware law answers, and they answer them differently under Hanna and Shady Grove. That's dispositive. We urge you to reverse. Thank you, Mr. Tutte. Mr. Yarger. The case is submitted.